**FILED**
**Sep 14, 2018**
**12:40 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Darlene Fredia Eaves | ) | Docket No. 2016-03-1427 |
| | ) | |
| v. | ) | State File No. 2405-2016 |
| | ) | |
| Ametek, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

### Vacated in Part and Remanded – Filed September 14, 2018

In this interlocutory appeal, the employee alleged the employer failed to pay benefits the trial court ordered it to pay in a previous expedited hearing order. As a result, she filed a motion for contempt, a petition for attorneys' fees, and a petition to compel the payment of medical expenses incurred to date. Included with these filings were copies of medical bills, a notice of lien from a third party, and a compilation of medical expenses allegedly paid by the employee's health insurer. Following the issuance of a docketing notice for an on-the-record determination, the employer filed a position statement that included various evidentiary objections to the employee's attachments and exhibits. In its order, the trial court overruled the employer's objections and ordered the payment of all reasonable and necessary medical expenses paid by the employee's health insurer and reimbursement of all out-of-pocket expenses paid by the employee. The employer has appealed. We vacate the trial court's order in part and remand the case for further proceedings.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Lynn C. Peterson, Knoxville, Tennessee, for the employer-appellant, Ametek, Inc.

Joshua J. Bond, Knoxville, Tennessee, for the employee-appellee, Darlene F. Eaves

## Factual and Procedural Background

Darlene Fredia Eaves ("Employee") worked for Ametek, Inc. ("Employer"), as a manufacturing buyer. On January 6, 2016, while Employee was walking to her car in Employer's parking lot, the heel of her right shoe caught in a crack in the asphalt, and she fell. She reported suffering injuries to her left knee, left hip, and groin. Employer denied the claim. Following an earlier expedited hearing, the trial court concluded Employee was likely to prevail in establishing the compensability of her claim at trial and ordered the initiation of medical benefits. The trial court denied Employee's request for reimbursement of her past medical expenses, however, because she "did not introduce evidence as to past medical expenses related to her injury." The trial court noted that she "may pursue her claim for reimbursement of past medical expenses at a later date." Neither party appealed that order.

Thereafter, Employee filed a motion for contempt, asserting Employer had failed to comply with the terms of the trial court's expedited hearing order because, among other things, Employer had submitted treatment recommendations to utilization review. In addition, Employee filed a petition for attorneys' fees and a petition for reimbursement of medical expenses incurred to date. Included with these filings were copies of medical bills, a notice of subrogation lien from a third-party payer, and a compilation of medical bills paid to date by the third party.

Because neither party requested an in-person evidentiary hearing, and based on the trial court's finding that it needed no additional information to address the pending motions, the trial court issued a docketing notice for an on-the-record determination, which included a list of documents it intended to consider as evidence. In its notice, the trial court provided both parties an opportunity to file a brief and to object to the admissibility of any documents included in the docketing notice. Employer did so, objecting to the admissibility of the lien documents attached to Employee's petition. Employer asserted such documents were "unsubstantiated, unauthenticated hearsay pursuant to Rule 801 of the Tennessee Rules of Evidence." It further objected to the copies of medical bills attached to Employee's affidavit, arguing Employee had offered nothing to authenticate the attachments and had offered no proof that such bills were reasonable, necessary, and related to the work injury. Finally, Employer argued that "[a]ny decision on these expenses should be stayed until the final compensation hearing in this matter, and after a full review of the facts and competent evidence."

In her reply to Employer's objections, Employee did not respond to the specific evidentiary objections, did not reference Rule 801, and did not argue that the medical bills and lien documents were properly authenticated and/or fell within an exception to

the hearsay rule.[1]   Instead, Employee argued "claimant has placed appropriate proof of medical expenses incurred before this Honorable Court."

In its second expedited hearing order, the trial court denied Employee's motion for contempt and granted her petition for the payment of past medical expenses.[2]   In doing so, the court overruled Employer's evidentiary objections and ordered Employer to "repay all reasonable and necessary medical expenses that [Employee's] private health insurer paid" and "reimburse [Employee] for her out-of-pocket expenses required for treatment of the work injury."   Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017).   When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court.  *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009).   However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018).   Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions.  *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).   We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2017).

**Analysis**

All hearings conducted in the Court of Workers' Compensation Claims are governed by Tennessee Code Annotated section 50-6-239, which provides, in part:

> The Tennessee Rules of Evidence and the Tennessee Rules of Civil Procedure shall govern proceedings at all hearings before a workers' compensation judge unless an alternate procedural or evidentiary rule has been adopted by the administrator.   Whenever the administrator has

---

[1] We also note that, in her reply, Employee withdrew the petition for attorneys' fees.

[2] Employee has not appealed the trial court's denial of the motion for contempt.  Thus, we need not address whether a trial court has the authority to hold a party in contempt and, if so, the nature and extent of any such authority.

adopted an alternate procedural or evidentiary rule that conflicts with the Tennessee Rules of Civil Procedure or the Tennessee Rules of Evidence, the rule adopted by the administrator shall apply.

Tenn. Code Ann. § 50-6-239(c)(1).

As explained in the rules addressing Mediation and Hearing Procedures, a trial court is authorized to "issue a decision on the record." Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(f) (2018). In such circumstances, when the trial judge has determined that issuing a decision on the record is appropriate, "the clerk shall send a docketing notice to all parties" and "shall also send information to the parties detailing the actions required to present the case to the judge for a decision on the record." *Id.* The rule does not address the applicability of evidentiary or procedural rules pertaining to decisions on the record, and it does not indicate that such determinations are treated differently from decisions following an in-person evidentiary hearing. Thus, we conclude that, as a general principle, the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence apply in the context of an on-the-record determination to the same extent they apply to an in-person evidentiary hearing.

We also note the Administrator has adopted an evidentiary rule regarding medical records. "All medical records signed by a physician, including via electronic signature, or accompanied by a certification that the records are true and accurate which has been signed by the medical provider or custodian of records shall be admissible." Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2018). In the present case, the documents offered into evidence by Employee were not medical records, but were medical bills and a compilation of such bills prepared by a third party. Even if such documents could fall within the definition of "medical records," they were not signed by a physician and were not accompanied by a proper certification. Moreover, they were not attached to an affidavit from a medical provider seeking to attest to their accuracy or completeness.

Finally, Employee offered no proof that the medical bills or the compilation of medical expenses prepared by her health insurer were reasonable, necessary, or causally-related to the work accident. In short, we conclude the documents at issue were unauthenticated pursuant to Rule 901 of the Tennessee Rules of Evidence and contained hearsay pursuant to Rule 801 of the Tennessee Rules of Evidence.[3] Accordingly, we conclude it was error for the trial court to consider the documents as evidence in its decision on the record.[4] We further hold that, based on the admissible evidence

---

[3] Because Employee did not specifically respond to Employer's hearsay objection, or argue that the medical bills fell within an exception to the hearsay rule, we need not address that issue further.

[4] Given our decision on the first issue raised by Employer, it is unnecessary for us to address Employer's second issue, which is whether a trial court can order the reimbursement of past medical expenses prior to a final compensation hearing.

presented at this interlocutory stage of the case, the trial court erred in ordering Employer to "repay all reasonable and necessary medical expenses that [Employee's] private health insurer paid and to repay [Employee] for her out-of-pocket expenses required for treatment of the work injury."

## Conclusion

Based on the foregoing, we vacate that part of the trial court's order pertaining to the reimbursement of past medical expenses and Employee's out-of-pocket expenses, and we remand the case.



**FILED**
**Sep 14, 2018**
**12:40 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Darlene Fredia Eaves | ) | Docket No.  2016-03-1427 |
| | ) | |
| v. | ) | State File No.  2405-2016 |
| | ) | |
| Ametek, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of September, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Joshua J. Bond | | | | | X | jbond@hdclaw.com |
| Lynn C. Peterson | | | | | X | lpeterson@lewisthomason.com |
| Pamela B. Johnson, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov